IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

COREY D. PERKINS                                                        PETITIONER
ADC #112808

v.                                          5:18cv00037-BSM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

Corey Perkins, Petitioner, was on parole when he was arrested on December 29, 2016, for first-degree battery and being a felon in possession of a firearm.  (Doc. No. 12-3.)  A parole hearing was held on January 18, 2017, and after considering evidence of several parole violations including the battery and possession of a firearm by Mr. Perkins, a parole revocation hearing judge revoked his parole and remanded him to the custody of the Arkansas Department of Correction ("ADC").  (Doc. No. 12-5.)  Mr. Perkins appealed that decision to the Parole Board, and the decision was affirmed.  (Doc. No. 12-6.)  Later, on October 17, 2017, parole authorities held a hearing on Mr. Perkins's eligibility for parole or transfer from the ADC to Arkansas Community Corrections, but when the hearing

officer attempted to discuss his institutional record that included a battery committed since his last denial, Petitioner "refused to discuss and walked out." (Doc. No. 12-7.) Accordingly, Mr. Perkins's parole or transfer was denied and the Parole Board denied reconsideration of the hearing officer's decision. (*Id.*)

Mr. Perkins now seeks relief through filing this Petition for Writ of Habeas Corpus. (Doc. Nos. 3 & 7.) His lengthy and rambling Petitions cite to numerous constitutional violations. But it appears Mr. Perkins is mainly challenging his revocation and the subsequent denial of his parole or transfer to community corrections. (Doc. No. 7 at 15-16.)

After careful review of the Petition (Doc. No. 3), Amended Petition (Doc. No. 7), Response (Doc. No. 12), and Reply (Doc. No. 17), for the following reasons, I recommend this matter be dismissed.

## II.    ANALYSIS

Respondent first argues that Petitioner has no right to parole and, therefore, his claims are not cognizable in federal habeas proceedings. I agree.

Long standing precedent concludes there is no liberty interest in the chance of parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest). The Arkansas statutes provide broad discretion to the Parole Board, the Board of Corrections, the ADC, and the Department of Community Corrections. For instance, the Parole Board is vested with discretion that they "may release on parole any

individual eligible under § 16-93-601 . . . when, in its opinion, there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself." Ark. Code Ann. § 16-93-701(a)(1). And the Arkansas statutes addressing inmate transfer to the Department of Community Corrections state that "[u]pon commitment of an eligible offender to the Department of Correction, the department will transfer the eligible offender to a community punishment program, when he reaches his transfer date, in accordance with the rules and regulations promulgated by the Board of Corrections and conditions set by the Post Prison Transfer Board." Ark. Code Ann. § 16-93-1208(a)(1)(A).

Arkansas Code Annotated § 16-93-1210 also expressly provides that nothing in the statutes "shall grant any offender the right to be sentenced or transferred . . . as a matter of right." Ark. Code Ann. § 16-93-1210. So, nothing in the Arkansas parole statutes creates anything more than the mere possibility of parole, and the statutes do not establish any right to release on parole or transfer which would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *Robinson v. Mabry*, 476 F. Supp. 1022, 1023 (E.D. Ark. 1979). When a prisoner is committed to the custody of a state penal authority, such as the ADC, "he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995).

Mr. Perkins's claims are also procedurally defaulted. An application for writ of

habeas corpus may be entertained only on the ground that the Petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a). Before seeking federal habeas review, a petitioner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of a prisoner's federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts).

When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights.  *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  So when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.  *Id.*; *Coleman v. Thompson*, 501 U.S. at 750.

Here, Mr. Perkins brings his claims directly to federal court without first seeking relief through the state courts.  Parole revocation decisions by the Arkansas Parole Board are administrative decisions governed by the Arkansas Administrative Procedure Act

("APA"), codified at Arkansas Code Annotated § 25-15-201, *et seq*. See *Hickman v. Arkansas Board of Pardons and Paroles*, 361 F.Supp. 864, 868 (E.D. Ark. 1973); *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991) (an inmate who asserts a credible constitutional claim is entitled to judicial review under the APA). Before seeking federal relief, Mr. Perkins was required to appeal the decision of the Arkansas Parole Board by filing a petition in an appropriate Arkansas circuit court within thirty days of the service upon him of the Arkansas Parole Board's final decision. Ark. Code Ann. § 25-15-212(b)(1). This he failed to do. By failing to appeal the decision of the Arkansas Parole Board, Mr. Perkins failed to develop the factual basis for his claims in state court proceedings as required by 28 U.S.C. § 2254(e)(2), and his claims are procedurally barred.

And Mr. Perkins's failure to exhaust his available state court remedies does not arise from his own diligent efforts being thwarted by the conduct of another, or some other external impediment. Any lack of understanding of the law does not excuse his default here. *See Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991). Because no cause has been established for Mr. Perkins's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. *Abdullah v. Groose*, 75 F.3d 408, 413 (8th Cir. 1996); *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Mr. Perkins has not demonstrated cause for his failure to exhaust his available state court remedies, nor has he alleged or shown actual innocence to support a fundamental miscarriage of justice argument. Accordingly, his claims are inexcusably procedurally defaulted, and this Court is barred from considering them.

III.    **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Mr. Perkins's § 2254 Petition and Amended Petition (Doc. Nos. 3, 7) be

DISMISSED and the requested relief be DENIED.

2.      No certificate of appealability shall issue.[1]

DATED this 2nd day of May, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the Petition is clearly successive, no certificate of appealability shall be issued.